IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SEAN GEORGE,<br><br>   Plaintiff,<br><br>  v.<br><br>ATLANTA INDEPENDENT SCHOOL SYSTEM, GAIL JOHNSON, DOMINIQUE MERRIWEATHER, DR. ASHLEY ROSE, & ISIS MANBOARD,<br><br>   Defendants. | CIVIL ACTION FILE<br>No. 1:20-CV-04789-WMR-JEM |

**UNITED STATES MAGISTRATE JUDGE**
**FINAL REPORT AND RECOMMENDATION**

Currently before the Court is Plaintiff's Response to the Court's Show Cause Order. (Doc. 25). Upon review of Plaintiff's filing, the Court finds that Plaintiff has failed to show adequate cause and **RECOMMENDS** this matter be **DISMISSED WITHOUT PREJUDICE**.

PROCEDURAL HISTORY

1. Previous Show Cause Order

Proceeding pro se and using the Court's Pro Se Employment Discrimination Complaint Form, Plaintiff initiated this action on November 24, 2020, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C.

§§ 12101, *et seq.* (Doc. 1 at 1-2). On May 13, 2021, United States Magistrate Judge Alan J. Baverman issued an order requiring Plaintiff to show cause as to why Defendants had not yet been served. (Doc. 7). The Court did not receive a response to the show cause order, (*see generally* Dkt.), and, as a result, issued a report and recommendation recommending that the matter be dismissed without prejudice for failing to timely serve Defendants, (Doc. 8).

On June 14, 2021, Plaintiff filed an objection to the report and recommendation, asserting that he had, in fact, responded, via letter, to the show cause order, but that his response was apparently not received by the Court. (Doc. 10 at 3). That letter explained that Plaintiff had been unable to complete service because he was proceeding pro se, that he recently underwent several surgeries, and that he was experience various complications caused by COVID. (*Id.* at 2). Accepting Plaintiff's representations as true, the District Judge rejected the report and recommendation on July 28, 2021 and ordered Plaintiff to demonstrate proper service within 60 days. (Doc. 11 at 4).

On October 4, 2021, after Plaintiff failed to file any proof of service, the District Judge dismissed the matter without prejudice. (Doc. 19). Approximately two weeks later, however, on October 19, 2021, Plaintiff filed a motion for reconsideration, alleging that he had paid the Fulton County Sheriff's Office on September 1, 2021 to serve all five Defendants, and that four of them had already been served. (Doc. 21 at 1). As evidence, Plaintiff provided receipts and Sheriff's Entry of Service documents for Defendants Isis Manboard, Dominique Merriweather, Gail Johnson, and Atlanta Independent School

2

System c/o Dr. Lisa Herring, Superintendent. (Doc. 21-1 at 4-7). The District Judge granted Plaintiff's motion for reconsideration on November 15, 2021, and vacated its earlier Order dismissing the case. (Doc. 22 at 2). The District Judge instructed that the deadline for the Defendants who had been served to respond to the complaint would run from the date of the Order. (*Id.*).

2. Current Show Cause Order

In early January 2022, Magistrate Judge Baverman received a letter from Plaintiff addressing the still-unserved fifth Defendant, Ashley Rose. (*See* Doc. 24-1). Plaintiff alleged that Rose was not working while on maternity leave, and, consequently, he did not know how to serve her. (*Id.*). In response, on January 28, 2022, the Court issued an Order reminding Plaintiff that letters were not a proper means for parties to seek rulings from the Court under the Local Rules. (*See* Doc. 24 at 1-2 (citing LR 7.4, NDGa)). At the same time, the Court made certain observations, including that: (1) the time for serving Defendant Rose appeared to have passed; and (2) if the remaining Defendants had indeed been properly served, the time for them to respond would have also passed and they would appear to be in default. (*Id.* at 4-5).

But three days later, on January 31, 2022, upon further review of the record, the Court determined that Plaintiff had not demonstrated effective service upon *any* of the five Defendants. (Doc. 23 at 1). In coming to that conclusion, the Court noted several deficiencies. First, the Court noted that the Entries of Service filed for Defendants Manboard, Merriweather, Johnson, and Atlanta Independent School System c/o Dr. Lisa Herring, Superintendent,

3

wrongly identified this matter as pending in the Superior Court of Fulton County.  (*Id.* at 1-2). Second, the Entries of Service did not include all of the information required by Federal Rule of Civil Procedure 4(a)(1), including the time to file an answer or otherwise respond, and that failure to respond will result in a default judgment. (*Id.* at 2). Third, the Court noted that the Entries of Service for two of the Defendants -- Herring and Manboard -- were given to payroll specialists who did not appear to be empowered to accept service. (Doc. 23 at 2). Finally, the Court explained that the Entries of Service were not made through an affidavit, as required by Rule 4(l)(1). (*Id.*). The Court thus ordered Plaintiff to show cause within 21 days why the case should not be dismissed for failing to properly effect service.  (*Id.* at 3).

On February 17, 2022, Plaintiff filed a timely response to this Show Cause Order. (Doc. 25). In his response, Plaintiff argues that the Court's concerns relegated "form over substance." Specifically, Plaintiff explains that he believed the Federal Rules of Civil Procedure permitted service to be completed by Fulton County Deputy Sheriffs, and that service made upon the payroll specialists should be sufficient given that the Deputy Sheriffs did not have permission to travel beyond the payroll specialists and there was no reason for them to believe the forms could not be left with these employees. (*Id.* at 1-2).

Under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff has 90 days after filing suit to serve the defendant. Fed. R. Civ. P. 4(m). "Where, as here, plaintiff[] failed to serve [defendants] properly within the [90]-day period allotted under the Federal Rules of Civil Procedure, 'the court on motion or on

4

its own initiative after notice to the plaintiff must dismiss the action without prejudice against that defendant or order that service be effected within a specified time. But if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.'" *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (quoting Fed. R. Civ. P. 4(m)).

Upon review, the Court finds Plaintiff's response to the Court's Show Cause Order to be insufficient. The Court notes, first, that Plaintiff did not file proper Proofs of Service, as explained in the Show Cause Order, and there is no indication that Plaintiff re-attempted service. (*See generally* Doc. 25). Instead, Plaintiff argues that he believed that service was proper because Fulton County Deputy Sheriffs qualify as persons "specially appointed for that purpose" under the Federal Rules of Civil Procedure. (Doc. 25 at 1); *see* Fed. R. Civ. P. 4(c)(3). It is true, as Plaintiff points out, that anyone at least 18 years old who is not a party to the lawsuit may properly serve a summons and complaint. *See* Fed. R. Civ. P. 4(c)(2). But the issue here involves the rule mandating that proof of service must be made via the server's affidavit. *See* Fed. R. Civ. P. 4(l)(1). It is undisputed that no such affidavit was filed.

Plaintiff argues that he truly believed that such service was sufficient, but that belief alone is inadequate. As the Court noted at the outset of this matter, pro se litigants "must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court." (Doc. 4 at 2 (Scheduling Order)); *see also Stagl v. Gromicko*, No. 307-CV-967J32TEM, 2007 WL 4097759, at *1 (M.D. Fla. Nov. 16,

5

2007). The fact that a person is proceeding pro se is generally not sufficient for them to be given extra leeway or consideration. (Doc. 4 at 1). *See, e.g., Wright v. Potter*, No. CIV.A. 07-758-FJP-DL, 2008 WL 2858815, at *3 (M.D. La. July 22, 2008) (noting that "a pro se plaintiff's lack of knowledge of the rules for proper service does not constitute 'good cause' for failure to perfect service"); *Lowe v. Hart*, 157 F.R.D. 550, 553 (M.D. Fla. 1994) ("Being confused and uninformed with regard to the rule governing service is not 'good cause.' Plaintiff's pro se status does not entitle him to more lenient scrutiny"). The Court additionally notes that Plaintiff did not address all of the issues raised in the Show Cause Order, such as the fact that the Entries of Service identified this matter as proceeding in the incorrect court and otherwise did not include all of the information required by the Federal Rules of Civil Procedure.  (Doc. 23 at 2).[1]

With regard to Plaintiff's argument that service upon the payroll specialists was sufficient because the Deputy Sheriffs could not circumvent these employees, and because the employees accepted responsibility for the Entries of Service, (Doc. 25 at 2), neither the Federal Rules of Civil Procedure nor the Georgia statute governing service of process recognizes leaving a copy of the complaint at a defendant's place of business as sufficient. *See* Fed. R. Civ. P. 4(e)(2); O.C.G.A. § 9-11-4(e)(7); *see also Melton v. Wiley*, 262 Fed. Appx. 921, 923 (11th Cir. Jan. 2008) ("No provision is made [under the Georgia service

---

[1] The Court also notes that, although all of the Defendants except Ashley Rose were allegedly served last year, no Defendant has entered an appearance in this case.  (*See generally* Dkt.).

statute] for leaving a copy at the individual's usual place of business or with the individual's employer"). Indeed, even if the Defendants had actual knowledge of the litigation, such knowledge would generally be insufficient to satisfy the service process requirements. *See, e.g.*, *In re Stembridge*, No. 00-51228 RFH, 2000 WL 33740248, at *2 (Bankr. M.D. Ga. Oct. 5, 2000).

Because Plaintiff has failed to properly serve Defendants within the 90-day time- period required by the Federal Rules of Civil Procedure, (*see* Doc. 1); Fed. R. Civ. P. 4(m), the Court is required to dismiss the action unless Plaintiff can show good cause for the failure. The Court finds that Plaintiff has failed to do so.

The Court **RECOMMENDS** that the case be **DISMISSED WITHOUT PREJUDICE** as required by Rule 4(m).

**IT IS SO RECOMMENED**, this the 25th day of April, 2022.

J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE